UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ismael Vasquez, | |
| Petitioner, | 17-cv-3707 (AJN); |
| -against- | 15-CR-551 (AJN); |
| United States, | 15-CR-651 (AJN) |
| Respondent. | OPINION & ORDER |



ALISON J. NATHAN, United States District Judge:

Petitioner Ismael Vasquez brings this motion under 28 U.S.C. § 2255 to vacate and dismiss his conviction and sentence and to withdraw his guilty plea on one of the two counts on which he was convicted. For the reasons given below, the Court denies Mr. Vasquez' motion in its entirety.

I. BACKGROUND

On August 17, 2015, Mr. Vasquez was charged with Hobbs Act Robbery, 18 U.S.C. § 1951, pursuant to a two-count Indictment stemming from a home robbery in the Bronx. See 15-cr-551, Dkt. No. 1 Subsequently, on September 22, 2015, Mr. Vasquez was charged with a separate two-count Indictment related to Carjacking under 18 U.S.C. § 2119(1) & (2). See 15-cr-651, Dkt. No. 1. On January 20, 2016, Mr. Vasquez pled guilty before this Court to Count 1 of 15-cr-551 and Count 1 of 15-cr-651. For the purposes of clarity, this Court will refer to the former as the Robbery Count and the latter as the Carjacking Count. On May 23, 2016, Mr. Vasquez was sentenced by this Court. With the exception of a paragraph relating to a letter Mr. Vasquez had been sent while incarcerated, Vasquez's counsel stated that he had no factual

objections to the Pre-Sentence Report (PSR). 15-cr-00551, Dkt. No. 210, at Tr. 5:4-25, 6:1-25, 7:1-10. Mr. Vasquez also stated that he had had an opportunity to review the PSR and raise any errors with his attorney. *Id.* at 4:3-6. The Court adopted the factual recitation in the PSR, with the exception of the paragraph relating to the letter mentioned above, which is not relevant here. *Id.* 4:17-21. The Court then sentenced Defendant to 151 months imprisonment. *See* 15-cr-00551, Dkt. No. 198.

On May 16, 2017, Mr. Vasquez filed the instant motion to vacate his conviction and sentence on the Robbery Count. 15-cr-00551, Dkt. No. 275. The Government filed its opposition on July 24, 2017 and indicated that this opposition had been sent to Mr. Vasquez by U.S. Mail. 15-cr-00551, Dkt. No. 281. Mr. Vasquez did not file a reply and the Court accordingly considers the motion to be fully briefed.

## II. DISCUSSION

Mr. Vasquez raises two primary arguments. He argues that this Court did not have jurisdiction over the Robbery Count and that his counsel was ineffective for failing to advise him of, raise, or appeal the jurisdictional defect in the Robbery Count. The Court addresses each of these arguments in turn.

### A. The Court Has Jurisdiction Over Count 1

Mr. Vasquez argues that because the Hobbs Act does not cover what Mr. Vasquez characterizes as "robbery of a private individual and the individual's home," 15-cr-00551, Dkt. No. 275 at 7, this count is jurisdictionally defective. Mr. Vasquez's challenge is not to the underlying facts of the Robbery Count, but rather whether those facts are sufficient to satisfy the

jurisdictional requirement of the Hobbs Act. For the reasons below, the Court concludes that Mr. Vasquez is incorrect.

An effect on interstate commerce is necessary for jurisdiction under the Hobbs Act. The Hobbs Act applies to, *inter alia*, conduct that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery." 18 U.S.C. § 1951. "In a Hobbs Act prosecution, proof that commerce was affected is critical since the Federal Government's jurisdiction of this crime rests only on that interference." *United States v. Perrotta*, 313 F.3d 33, 37 (2d Cir. 2002) (internal quotation marks and brackets omitted). This standard is satisfied by "any interference with or effect upon interstate commerce, whether slight, subtle or even potential." *United States v. Rose*, 891 F.3d 82, 86 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 796 (2019) (quoting *United States v. Silverio*, 335 F.3d 183, 186 (2d Cir. 2003) (per curiam)). When the victim is an individual, the mere employment of that individual at a company engaged in interstate commerce is insufficient. *Perrotta*, 313 F.3d at 36. However, the jurisdictional nexus requirement can be satisfied by showing "that the victim directly participated in interstate commerce," "that the harm or potential harm to the individual would deplete the assets of a business operating in interstate commerce," or "that the crime targeted the assets of a business rather than an individual." *Rose*, 891 F.3d at 86 (quoting *United States v. Wilkerson*, 361 F.3d 717, 729 (2d Cir. 2004)). This standard is therefore quite lenient.

Under this lenient standard, the underlying facts to which Mr. Vasquez pled satisfy the jurisdictional nexus requirement. If the victim of a robbery was a "direct participant" in interstate commerce, this weighs in favor of finding that the nexus element is satisfied. *Silverio*, 335 F.3d at 187. Here, the victim himself participated directly in interstate commerce, since his

work as a livery cab driver primarily consisted of "transporting clients between New York and New Jersey." Dkt. No. 176 ¶ 22. Furthermore, as the Government proffered during Mr. Vasquez's plea and Mr. Vasquez did not dispute—either then or now—the victim was effectively running the livery cab business out of the home that Mr. Vasquez robbed. Dkt. No. 154, Tr. 14, 19, 20; *see Wilkerson*, 361 F.3d at 731 (it is not necessary for a victim's business to "comply with all of the formalities observed in the legitimate business world" to qualify under the Hobbs Act). Indeed, the $17,000 in cash that Mr. Vasquez robbed from the victim's safe were proceeds from the victim's cab business. Dkt. No. 176 ¶ 22. This money therefore constituted assets of a business engaged in interstate commerce. *See United States v. Jamison*, 299 F.3d 114, 120 (2d Cir. 2002) ("a robbery or extortion that depletes the assets of a business operating in interstate commerce will satisfy the jurisdictional requirement of the Hobbs Act by a minimal showing of effect on commerce"). Finally, it was not necessary for Mr. Vasquez to have been aware that the victim was engaged in interstate commerce or that the stolen money constituted the assets of a business engaged in interstate commerce and its proceeds. *See, e.g., Silverio*, 335 F.3d at 187. Therefore, there was sufficient evidence of a slight, subtle, or even potential effect on interstate commerce to satisfy the jurisdictional requirements of the Hobbs Act.

**B.   Mr. Vasquez Has Failed to Show Ineffective Assistance of Counsel**

Mr. Vasquez asserts that his counsel was ineffective because: (1) counsel failed to advise Mr. Vasquez that Hobbs Act jurisdiction did not apply to his conduct, rendering Mr. Vasquez's plea of guilty unknowing, unintelligent, and involuntary; (2) counsel failed to challenge or otherwise move to dismiss the Robbery Count for lack of jurisdiction; and (3) counsel failed to raise the absence of jurisdiction on direct appeal. None of these arguments are meritorious.

To succeed on his claim of ineffective assistance of counsel, Mr. Vasquez must show that: (1) his attorney's performance was below an "objective standard of reasonableness" as compared to "prevailing professional norms" and (2) that his attorney's failure to meet this standard resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94 (1984). As to the first prong, because Hobbs Act jurisdiction exists over the Robbery Count, Mr. Vasquez's counsel's performance did not fall below an objective standard of reasonableness. Given that the jurisdictional nexus was met, it was plainly reasonable for Mr. Vasquez's counsel to so advise him. Similarly, it was not objectively unreasonable for Mr. Vasquez's counsel to not raise this argument either before this Court or on appeal. Therefore, Mr. Vasquez has failed to bear his burden of showing that his counsel's performance was constitutionally ineffective.

### III. CONCLUSION

For the reasons above, Petitioner's motion is hereby DENIED in full. Since Mr. Vasquez "has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue." *See, e.g., Perez v. United States*, No. 04-cv-7148 (JSR), 2007 WL 685949, at *1 (S.D.N.Y. Jan. 29, 2007) (citing 28 U.S.C. § 2253). In addition, the Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition and close case number 17-cv-3707.

The Court will mail a copy of this Order to Mr. Vasquez and the mailing shall be noted on the public docket.

SO ORDERED.

Dated: November 21, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge